WILMER CUTLER PICKERING
  HALE AND DORR LLP
Brian M. Boynton      #222193
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (facsimile)

BAKER, MANOCK & JENSEN
A Professional Corporation
Robert D. Wilkinson  #100478
Fig Garden Financial Center
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704-2209
(559) 432-5400
(559) 432-5620 (facsimile)

Counsel for Defendant THE CALIFORNIA TABLE GRAPE COMMISSION

LAW OFFICES OF BRIAN C. LEIGHTON
Brian C. Leighton  #090907
701 Pollasky Avenue
Clovis, California  93612

Counsel for Plaintiff EQUINOX TREE & VINE, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EQUINOX TREE & VINE, LLC, a California Limited Liability Company<br><br>                    Plaintiff,<br><br>          v.<br><br>THE CALIFORNIA TABLE GRAPE COMMISSION,<br><br>                    Defendant. | Case No. 1:06-cv-01388-OWW-DLB<br><br>**STIPULATION AND ORDER STAYING ACTION AND ESTABLISHING ESCROW ACCOUNT** |

        WHEREAS Plaintiff Equinox Tree & Vine, LLC ("Equinox") alleges in the above-captioned

action that the California law imposing assessments on shipments of California table grapes to be

used by Defendant the California Table Grape Commission ("Commission") violates Equinox's

constitutional rights;

STIPULATION AND PROPOSED ORDER STAYING ACTION

PDF created with pdfFactory trial version www.pdffactory.com

1     WHEREAS a similar constitutional challenge has been pending in this Court since 1996 in a

2  case brought by the same counsel representing Equinox captioned *Delano Farms Co. v. California*

3  *Table Grape Commission*, 1:96-cv-6053-OWW-DLB ("*Delano Farms*");

4     WHEREAS litigation in the *Delano Farms* action has progressed substantially and a hearing

5  on cross-motions for summary judgment in that case is scheduled for January 25, 2007;

6     WHEREAS the parties to this case and the *Delano Farms* case agree that the cases are

7  Related under Eastern District Local Rule 83-123(b), the Commission filed Notices of Related Cases

8  relating the *Delano Farms* action to this action on October 31, 2006, and this Court found that the

9  cases are related in an order filed November 22, 2006; and

10     WHEREAS the parties agree through their counsel that it is in the best interests of the parties

11  and in the interests of judicial economy to stay this action pending final determination of the *Delano*

12  *Farms* case;

13     IT IS HEREBY STIPULATED by the parties to this action, through their counsel, subject to

14  the approval of the Court, that:

15     1.   This case shall be stayed until 30 days after final resolution of the *Delano Farm* case,

16  including the resolution of all available appeals, provided, however, that following the Court's

17  decision on the cross-motions for summary judgment in the *Delano Farms* case, either party to this

18  case may seek a status conference to discuss whether this case should remain stayed in light of that

19  decision.

20     2.   Subject to its claim that the Commission's agricultural promotion program is

21  unconstitutional, Equinox will pay directly to the Commission within 30 days of the Court's entry of

22  this Stipulation all past due assessments for the 2005 season (ending April 30, 2006), the sum of

23  which is $58,998.46.

24     3.   Equinox and the Commission will establish an interest-bearing escrow account at a bank

25  in Fresno, California, to be agreed upon by the parties, for the deposit of assessments owed by

26  Equinox since May 1, 2006, subject to Equinox's claim that the Commission's agricultural

27  promotion program is unconstitutional.  The account shall be established with two signatories:

28  Brian C. Leighton of the Law Offices of Brian C. Leighton, counsel for Equinox; and Robert D.

2

STIPULATION AND PROPOSED ORDER STAYING ACTION

PDF created with pdfFactory trial version www.pdffactory.com

Wilkinson of the law firm of Baker, Manock & Jensen, counsel for the Commission.  Neither signatory may withdraw money from the account without first obtaining the written agreement of the other signatory, or by court order.  Should either signatory be unable to continue to serve in this role, a new signatory shall be named, subject to agreement by both parties.  Monthly statements on the account shall be provided to the Law Offices of Brian C. Leighton and Baker, Manock & Jensen.

4.  Equinox shall deposit in the escrow account within 30 days of the Court entry of this Stipulation (1) applicable penalties for late payment of assessments for the 2005 season, the sum of which is $780.13, and (2) all past due assessments under California Food & Agricultural Code sections 65600-65654 since May 1, 2006, in an amount to be calculated by the Commission under the prevailing rate following submission by Equinox of all past due shipment reports, which reports shall be filed with the Commission within 15 days of the Court's entry of this Stipulation.  Equinox shall notify the Commission and its counsel by mail when it deposits the penalties and past due assessments by providing a duplicate of the check and proof of deposit.

5.  Equinox shall hereafter deposit into the escrow account all assessment payments on or before the date they become due under California Food & Agricultural Code §§ 65600-65605 and under the Commission's regular procedures and shall comply with all Commission reporting and payment rules.  Equinox shall notify the Commission and its counsel by mail each time it deposits an assessment payment with a duplicate of the checks and proof of deposit.

6.  So long as this Stipulation and Order is in effect and Equinox makes all of its assessment deposits into the escrow account in a timely manner:

(a) The Commission shall not collect or seek to collect from Equinox, directly or indirectly, any assessments owed by it, other than as specified in paragraph 7 or by pursuing any claims for collection that the Commission may bring following the termination of the stay of the action;

(b) The Commission will not collect or seek to collect from Equinox any penalties or fines for late payment of assessments due since May 1, 2006; and

3

PDF created with pdfFactory trial version www.pdffactory.com

(c) Neither the Commission nor Equinox will collect or seek to collect interest on the assessments at the termination of this action, other than the interest that accrues on the amounts deposited in the escrow account provided for herein.

7.   Upon the entry of a final judgment in this action, including the resolution of all available appeals, all principal and interest in the escrow account provided for herein shall be paid within 10 days to the prevailing party.  If the Commission's program is found to be constitutional in part and unconstitutional in part, distribution of the principal and interest shall be prorated in proportion to those portions of the program found to be constitutional and unconstitutional.

8.   Distribution of the principal and interest of the escrow account may be made upon the signatures of the authorized representatives for the parties as provided for above.  In the event enforcement of this Order is required or the parties cannot agree as to the distribution of the principal and interest of the escrow account, the dispute may be submitted by motion of either party to the Court in this action and the distribution of the principal and interest shall be made in accordance with the final order upon that motion.

9.   Nothing in this stipulation shall act as a waiver of rights or defenses related to the claims at issue in this case, except that Equinox expressly agrees that any statute of limitations, laches defense, or other defense or argument based upon delay or the passage of time related to claims by the Commission for collection of unpaid assessments from Equinox shall be tolled during the pendency of the stay of this action.

10. This Stipulation and Order is effective immediately, and shall remain effective until modified by further stipulation or by further order of this Court, or until final judgment is entered in this action, whichever comes first.

Dated:  November 27, 2006

WILMER CUTLER PICKERING HALE AND DORR
Brian M. Boynton

BAKER, MANOCK & JENSEN
Robert D. Wilkinson

By:     /s/ Brian M. Boynton
Brian M. Boynton

4

STIPULATION AND PROPOSED ORDER STAYING ACTION

PDF created with pdfFactory trial version www.pdffactory.com

1

2                                                    Counsel for Defendant THE CALIFORNIA
                                                     TABLE GRAPE COMMISSION

3

4   Dated: November 27, 2006                         LAW OFFICES OF BRIAN C. LEIGHTON

5                                                    By:    /s/ Brian C. Leighton (as authorized)
                                                            Brian C. Leighton

6                                                    Counsel for Plaintiff EQUINOX TREE
                                                     & VINE LLC
7

8                                    **ORDER**

9

10      **IT IS SO ORDERED.**

11

12  Dated: __November 27, 2006_____
                                                     _/s/ OLIVER W. WANGER____
13                                                   Oliver W. Wanger
                                                     United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

PDF created with pdfFactory trial version www.pdffactory.com